Hon. Richard Ravitch Chairman Metropolitan Transportation Authority
Your counsel has asked whether minority business enterprise "set-asides", a procurement technique applicable to the Metropolitan Transportation Authority (MTA) by regulation of the United States Department of Transportation (USDOT), are prohibited by State law.
A minority business enterprise (MBE) participation program has been established and made applicable to applicants for and recipients of Federal financial assistance from the USDOT (49 C.F.R. Part 23). The program is one of affirmative action whereby recipients of Federal funds set goals for MBE participation in all contracting activities including procurement and implementing procedures to maximize MBE use (id., § 23.45). When necessary to meet MBE goals and "where not prohibited by State or local law", recipients are required to implement MBE set-asides (id., § 23.43 [k]).
A set-aside is a procurement technique whereby bids or proposals on particular contracts are solicited solely from MBE firms (USDOT, Notice of Policy, Federal Register, Vol. 45, No. 130, July 3, 1980, p 45286). These contracts are in effect set aside for award to MBE firms only in cases where MBE's with capabilities consistent with contract requirements exist in sufficient numbers to permit competition. The designation of the contracts to be set aside should be based on the known capabilities of MBE's eligible to compete, thereby ensuring the possibility for competition among eligible firms. At least three MBE's with capabilities consistent with contract requirements must be available and must submit bids or proposals (ibid.). Recipients that are not prohibited by State or local laws from using set-asides, but choose not to, and do not meet MBE goals may be found in noncompliance with USDOT regulations and may be sanctioned or lose Federal assistance (USDOT, Final Rule Synopsis, Federal Register, Vol. 45, No. 63, March 31, 1980, p 21173).
The MTA may apply for and accept grants from the Federal government upon such terms and conditions as the authority determines to be necessary, convenient or desirable (Public Authorities Law, § 1266 [6]). It may do all things necessary, convenient or desirable to carry out its corporate purpose (id., § 1265 [4]).
It is noted that USDOT guidelines regard a bare competitive bidding requirement as insufficient to create a bar to participation in a set-aside program. (Federal Register, July 3, 1980, p 45286.) Nor can the silence of State law on the subject satisfy the Federal authorities that an agency is barred from taking part in the set-aside program (ibid.).
Our review of the colorably applicable statutes indicates that an explicit statutory prohibition of the MTA's participation in the set-aside program does not exist and, therefore, the MTA is not, on those grounds, exempt from the USDOT guidelines concerning the use of minority business enterprise contract set-aside regulations.